**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BOBBIE GIBSON,

      Plaintiff,

v.                                                       No. CV 20-1168 WJ/CG

SUNDANCE SERVICES, LLC, et al.,

      Defendants.

**ORDER GRANTING MOTION TO COMPEL**

**THIS MATTER** is before the Court on Defendant Sundance Services, Inc.'s *Motion to Compel Responses to Discovery Requests Submitted to Plaintiff* (the "Motion"), (Doc. 31), filed September 10, 2021; and Defendant's *Notice of Completion of Briefing*, (Doc. 36), filed September 27, 2021. In the Motion, Defendant requests that the Court compel Plaintiff to provide complete responses to interrogatories and requests for production that Defendant originally submitted to Plaintiff on June 22, 2021. (Doc. 31 at 1). Plaintiff has filed no response to the Motion, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion.").

Under Local Rule 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." *See also, e.g.*, *Miller v. Paschall Truck Lines, Inc.*, 1:20-cv-303 GBW/SCY, 2021 WL 1200655 (D.N.M. Jan. 21, 2021) (granting motion to compel as unopposed where defendant failed to respond). Given Plaintiff's failure to respond, the Court will therefore **GRANT** the Motion.

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Compel Responses to Discovery Requests Submitted to Plaintiff*, (Doc. 31), is **GRANTED**.

**IT IS FURTHER ORDERED** that by **October 18, 2021,** Plaintiff shall provide full and complete responses to:

1. Interrogatory No. 7, including whether he alleges each of the three alleged incidents are incidences of discrimination or retaliation, the identity of the persons mentioned as involved, how he became aware of the alleged discrimination and the dates and times of the alleged discrimination;

2. Interrogatory No. 12, including the substance of the alleged complaint and identification of the grievance by Bates number, to the extent that Plaintiff has such documentation in his possession or control;

3. Interrogatory No. 14, including identification of any notices by Bates number, to the extent that Plaintiff has such documentation in his possession or control;

4. Interrogatory No. 15;

5. Interrogatory No. 18, including the date, court and docket number of any criminal proceedings which resulted in a conviction against him within the past ten years;

6. Interrogatory No. 19, including the nature of contact made for each effort to obtain income and/or employment, the date of the contact, the persons with whom he communicated, any offered terms, reasons any offers were declined, or, to the extent that the information is in his possession or control, reasons offers were not extended;

7. Interrogatory No. 20, including providing details about the reasons his subsequent employment has ended;

8. Interrogatory No. 21, including information about any benefits from his prior job or welfare benefits or unemployment he is currently receiving;

9. Interrogatory No. 24, including text messages, emails or electronic media postings related to the claims asserted in his complaint, and a description of the substance of each communication and the date on which the communication was made; and

10. Interrogatory No. 25, including a description of the substance of each video and the date on which it was made, as well as the other requested details.

**IT IS FURTHER ORDERED** that by **October 18, 2021,** Plaintiff shall provide full and complete responses to Requests for Production Nos. 1-11, 13-17, and 19-25, specifying which document is responsive to which request and identifying responsive documents by Bates number. Defendant may move for further relief by **November 1, 2021**, if it appears Plaintiff's response to the Requests for Production remains incomplete after it properly identifies its documents.

**IT IS FURTHER ORDERED** that by **October 18, 2021,** Plaintiff shall provide full and complete response to Request for Production No. 12.

**IT IS FINALLY ORDERED** that any objections Plaintiff previously lodged to the foregoing interrogatories and requests for production are **OVERRULED**.[1]

**IT IS SO ORDERED**.

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant did not, in its Motion, request fees or costs. *See* (Doc. 31). The Court therefore declines to award such. *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring Court to award reasonable expenses and attorney fees unless "other circumstances make an award of expenses unjust").